# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CALVIN ROBINSON**  **PETITIONER**
**ADC #076977**

V.                    No. 4:24-CV-00536-JM-ERE

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction**     **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation ("RD") has been sent to United States District Judge James M. Moody Jr. You may file objections to all or part of this RD. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this RD. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this RD without independently reviewing the record.

## I.    Introduction

Pending before the Court is a § 2254 habeas Petition filed by Calvin Robinson, an inmate at the Tucker Unit of the Arkansas Division of Correction ("ADC"). *Doc. 1*. Mr. Robinson claims that the ADC miscalculated his parole eligibility and minimum release dates in violation of the Due Process and *Ex Post Facto* Clauses of the United States Constitution. Mr. Robinson's petition should be dismissed with

prejudice because his claims were adjudicated and rejected on the merits in state court, and relitigation of the claims is precluded under 28 U.S.C. § 2254(d).[1]

## II.  Background

On July 2, 1981, a Pulaski County, Arkansas jury convicted Mr. Robinson of rape and attempted rape, and he was sentenced to seventy years in prison. *Robinson v. State,* 275 Ark. 473 (1982). The Supreme Court of Arkansas affirmed the conviction on direct appeal. *Robinson v. State*, 275 Ark. 473 (1982).

On October 21, 1981, while incarcerated, Mr. Robinson was again convicted of rape, and he received a twenty-five-year prison term, ordered to run consecutively to his seventy-year, July 2 sentence. The Arkansas Court of Appeals affirmed the conviction. *Robinson v. State*, No. CACR 82–15, 1982 WL 946, at *1 (Ark. App. Aug. 25, 1982).

On November 19, 1981, Mr. Robinson received a third rape conviction and an additional twenty-five-year prison term, to be served consecutively to his previously imposed sentences. The Arkansas Court of Appeals affirmed the conviction. *Salam v. State*, No; CACR 90-75, 1991 WL 103023 (Ark. App. June 5, 1991).

Mr. Robinson began serving his aggregate 120-year sentence in 1981, and the ADC classified him as a "first offender" pursuant to the state law governing parole

---

[1] This provision establishes the deferential review applied by federal habeas courts when reviewing claims resolved on the merits in state court.  See *infra* discussion at Section III.

eligibility: Act 93 of 1977, then codified at Ark. Stat. Ann. §§ 43-2828 and 43-2829 (Repl. 1977) and currently codified at Ark. Code Ann. §§ 16-93-603 and 16-93-604. "Robinson was classified as a first offender because, although [he] had been convicted of more than one offense, it was the first time [he] had been incarcerated in the ADC." *Robinson v. Payne*, 2024 Ark. 94, at 2-3. As a first offender, Mr. Robinson was eligible for parole after serving one-third of his sentence, with credit for good time. *Id*.

In November 2008, the ADC released Mr. Robinson on parole. *Doc. 7-7 at 12*. He absconded in 2012 and again in 2013. *Id*. In September 2013, Mr. Robinson pleaded guilty to failure to register as a sex offender, his parole was revoked, and he received a five-year sentence, imposed to run concurrently with the undischarged portion of his original, 120-year aggregate sentence for rape and attempted rape convictions. *Robinson v. Payne*, 2024 Ark. 94, at 2–3.

On August 23, 2014, Mr. Robinson became transfer eligible ("TE"), meaning he became eligible for transfer to less restrictive custody, including parole or confinement in a community correction facility. *Doc. 7 at 3; Doc. 7-7 at 5*. Since his TE date, Mr. Robinson has received multiple parole hearings, but his requests for parole have been denied, most recently on June 2, 2022. *Doc. 7-7 at 5-11*. Mr. Robinson's current discharge date is August 4, 2043. *Doc. 7-7 at 5*.

On December 13, 2022, Mr. Robinson filed a petition in the Circuit Court of Jefferson County, Arkansas, seeking a declaratory judgment and mandamus relief. *Doc. 7-2 at 10-15*. He claimed the ADC had violated his right to due process by classifying him as a second offender, "*ex post facto*," which, he argued, unlawfully extended his minimum release date, and rendered him ineligible for parole until he served one-half of his prison term. *Doc. 7-2 at 9-16*. Mr. Robinson argued that his proper classification was as a first offender, which according to him, mandated a 2021 minimum release date, representing one-third of his original 120-year sentence, less credit for good time. *Id. at 12*. In addition, he argued that he had not received credit for 36 years of good time he accrued during his first period of incarceration. *Id. at 41*.

The trial court denied Mr. Robinson's petition because he failed to plead facts entitling him to declaratory relief and therefore was not entitled to a hearing or a writ of mandamus. *Doc. 7-2 at 149-150.* Mr. Robinson appealed. *Id at 152-153*.

On May 23, 2024, the Arkansas Supreme Court affirmed the trial court's denial of declaratory and mandamus relief, concluding that Mr. Robinson failed to show that the ADC acted beyond its legal authority or violated his right to due process. *Robinson v. Payne*, 2024 Ark. 94, at 6-8.

On June 24, 2024, Mr. Robinson filed the § 2254 petition for writ of habeas now before the Court. *Doc. 2*. He repeats the same claims that the Arkansas Supreme

Court rejected: that the ADC violated his right to due process rights and the *Ex Post Facto* Clause by classifying him as a second offender and failing to apply accrued good time toward his release date. For relief, Mr. Robinson asks the Court to recalculate his minimum release date to 2021, "in accordance with First Offender laws and ADC Good Time Policy of 1981." *Id. at 13*.

On August 5, Respondent filed a response asserting that the Arkansas Supreme Court's decision rejecting Mr. Robinson's claims on the merits is entitled to deference under 28 U.S.C. § 2254(d).[2]  *Doc. 7 at 5-6*.

On August 14, Mr. Robinson filed a reply to Respondent's arguments in support of dismissal. *Doc. 9*.

## III. Discussion

Section 2254(d) provides that when a state prisoner's federal claim has been adjudicated on the merits in state court, a federal court "shall not" grant an application for habeas relief unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;[3] or (2) resulted in a

---

[2] Respondent also asserts that Mr. Robinson fails to state a claim cognizable in federal habeas because he has no liberty interest in parole. *Doc. 7 at 5*. However, this argument is intertwined with the merits of Mr. Robinson's due process claim, which the Supreme Arkansas Court adjudicated on merits review.

[3] A state court decision is "contrary to" clearly established federal law if the state court either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "decides a case differently than [the Supreme Court] has on a set of materially

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4] "The question . . . is thus not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable—'a substantially higher threshold' for a prisoner to meet." *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

As explained below, the Arkansas Supreme Court's decision adjudicating and rejecting the same claims presented in Mr. Robinson's § 2254 petition is entitled to deference under § 2254(d).[5]

### A.   Due Process Clause

Mr. Robinson argues, as he did in state court, that the ADC violated his due process rights by illegally classifying him as a second offender and failing to properly apply his goodtime credits. He maintains that these alleged mistakes extended his minimum release date and prevent him from being paroled.

---

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

[4] The state court's factual findings are subject to a deferential standard of review and presumed correct unless the petitioner can rebut those findings through "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also *James v. Bowersox*, 187 F.3d 866, 871 (8th Cir. 1999).

[5] Mr. Robinson does not challenge the Arkansas Supreme Court's recitation of facts, which are presumed correct as required under § 2254(e)(1).

6

The Arkansas Supreme Court rejected Mr. Robinson's due process claim for lack of a liberty interest. Due process requirements apply only where a person is deprived of life, liberty, or property by government action, *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003), and the only possible deprivation in this case is a loss of liberty. However, to possess a right to liberty protected by the Due Process Clause, Mr. Robinson must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

In rejecting Mr. Robinson's claims, the state court clarified three relevant points of Arkansas law.[6] First, Mr. Robinson's status as a first or second offender affects the timing of his parole eligibility, *not* his minimum release date. *Robinson,* 2024 Ark. at 7 (2024) (explaining that Ark Stat, Ann. §§ 43-2828 and 43-2829, currently codified at Ark. Code Ann. §§ 16-93-603 and 16-93-604, "pertain to parole eligibility, not to discharge dates").

Second, when Mr. Robinson committed the crimes underlying his 120-year aggregate sentence imposed in 1981, Ark. State Ann. § 46-120 (Repl. 1977) provided that meritorious good time would reduce a term of imprisonment by thirty days for

---

[6] "A state's interpretation of its own law is virtually unreviewable by a federal court." *Taylor v. Bowersox*, 329 F.3d 963, 968–69 (8th Cir. 2003) (citing *Toney v. Gammon,* 79 F.3d 693, 699 (8th Cir. 1996)). A federal court may, however, determine whether a state law creates a legitimate expectation of liberty and whether an arbitrary deprivation of that expectation amounts to violation of due process. *Id.*

7

each month spent in prison, *i.e.*, one-half of a prison term. *Robinson*, 2024 Ark. at 8 n.5. However, the statute in effect when Mr. Robinson failed to register as a sex offender, which lead to his 2013 sentence and return to prison, clarified that meritorious good time "will not be applied to reduce the length of a sentence[,] . . . shall apply to an inmate's transfer eligibility date[,]" and "shall under no circumstances reduce an inmate's time served in prison by more than one-half ( ½ ) of the percentage required by law for transfer eligibility." Ark Code Ann. § 12-29-201.

Third, whether to grant parole is committed to the discretion of the ADC.[7] *Robinson,* 2024 Ark. at 5.

The Arkansas Supreme Court noted that Mr. Robinson achieved parole eligibility on August 23, 2014 and had no guarantee or reasonable expectation of being released on parole and thus no liberty interest in being paroled.[8] This conclusion was entirely consistent with clearly established federal law. The United

---

[7] The Arkansas parole statute provides: "The Post-Prison Transfer Board *may* release on parole any eligible inmate . . . when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself or herself and is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16-93-701(a)(1) (emphasis added).

[8] Even if Mr. Robinson had a reasonable expectation of parole, the Supreme Court of Arkansas correctly noted that due process would require that he receive a parole hearing and notice of the reasons he was denied parole. *Robinson v. Payne*, 2024 Ark. 94, 6 (2024) (citing *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 639 S.W.3d 340 (2022) (citing *Swarthout v. Cooke*, 562 U.S. 216, 131 (2011)).  Mr. Robinson does not allege that he was denied a hearing, nor does he allege that the ADC failed to provide him the reasons for denying his parole.

States Supreme Court has never recognized a liberty interest in early release where state law leaves the decision to the discretion of a parole board, which is the case here. The Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas." *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 5, (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3 (2019)). In addition, the Eighth Circuit has held that the Arkansas parole statutes create only a possibility of parole and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

The Arkansas Supreme Court likewise concluded that Mr. Robinson had no liberty interest in meritorious good time to which due process attached. *Robinson*, , 2024 Ark. at 6. The Supreme Court has held that the Due Process Clause itself does not guarantee or create a liberty interest in credit for good behavior while in prison, but a state may create a liberty interest in a "shortened prison sentence through the accumulation of credits for good behavior." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). As the state court observed, Arkansas's statute governing meritorious good time plainly states that good time will not be applied to reduce the length of a sentence but may be applied toward a prisoner's TE date or parole eligibility, which

Mr. Robinson achieved on August 23, 2014. *Robinson*, 2024 Ark. at 7.

The state court's conclusion that Mr. Robinson had no liberty interest in being released on parole or the application of meritorious good time toward his minimum release date was a reasonable application of clearly established federal law. Accordingly, § 2254(d) precludes federal habeas relief.

B.  *Ex Post Facto* **Clause**

As he did in state court, Mr. Robinson claims that the ADC miscalculated his minimum discharge date in violation of the *Ex Post Facto* Clause because it failed to credit his sentence for meritorious good time according to the law in effect in 1981. The *Ex Post Facto Clause* "forbids the application of any law that increases punishment to preexisting criminal conduct." The Arkansas Supreme Court correctly rejected Mr. Robinson's *Ex Post Facto* Clause claim, noting that in applying Mr. Robinson's accrued good time, the ADC applied the law in effect in 2013, when he failed to register as a sex offender—the crime that earned him a five-year prison term, the revocation of his parole as to his 1981 convictions, and return to prison. *Robinson*, 2024 Ark. at 8. Mr. Robinson presented no facts to support his claim, and applying clearly established federal law governing *ex post facto* claims, the Supreme Court of Arkansas correctly rejected his claim. Accordingly, relitigation of the claim is barred under § 2254(d).

**IV.     Conclusion**

IT IS THEREFORE RECOMMENDED that:

1.      Petitioner Calvin Robinson's § 2254 Petition for Writ of Habeas Corpus (*Doc. 2*) be DISMISSED with prejudice.

2.      A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.[9]

Dated 3 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] A Certificate of Appealability should be denied because Mr. Robinson has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).